BENJAMIN A. LEVINE
BLEVINE@GRSM.COM



ATTORNEYS AT LAW
ONE BATTERY PARK PLAZA
28TH FLOOR
NEW YORK, NY 10004
PHONE: (212) 269-5500
FAX: (212) 269-5505
WWW.GRSM.COM

February 6, 2019

**VIA ECF**
The Honorable George B. Daniels, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, NY 10007

    Re:    *Antolini v. Brue, et al.*
           Case No.: 1:18-cv-11070 (GBD)
           <u>Request for Final Extension of Time to Respond</u>

Dear Judge Daniels:

      We represent Defendants Edward Brue, 184 West 10th Street Corporation, Seth Cohen, Adam Elzer, David Rodolitz, Amar Lalvani and Alexander Stupak ("Defendants") in the above-referenced matter. We write to respectfully request a final extension of thirty (30) days' time to respond to the Complaint pursuant to Rule II.C. of the Court's Individual Rules and Practices in Civil Cases due to recent case developments and the matters discussed herein.

      Plaintiff brings claims of unlawful disability discrimination in violation of federal, state and city law. Upon receipt of Plaintiff's complaint, Defendants were proactive in retaining an expert to inspect the premises at issue and assess Plaintiff's claims. On January 22, 2019, we received our expert's report which indicated that contrary to the allegations contained in the Complaint, Defendants were fully compliant with applicable guidelines with the exception of the necessity of a *portable* ramp and doorbell.[1] Defendants have since performed remediation on these two (2) minor aspects of the building thus rendering Plaintiff's claims under the Americans with Disabilities Act ("ADA") moot. Plaintiff's counsel has not contested that remediation has occurred, nor has he offered a rebuttal report indicating remediation is unsatisfactory.

      It is well established that the ADA is a remedial statute affording a plaintiff redress solely in the form of injunctive relief without economic damages. *See*, *Thomas v. Grunberg 77 LLC*, 2017 U.S. Dist. LEXIS 104606 at *6 (S.D.N.Y., July 5, 2017). "When such redress is no longer possible, the ADA claim becomes moot, depriving the court of subject-matter jurisdiction, and must be dismissed." *Id.* Because Defendants have remediated the property, injunctive relief is impossible, rendering the ADA claims moot. While Plaintiff also brings disability claims in violation of state and city law, this court should not retain supplemental jurisdiction of the claims

---

[1] Notably, a portable ramp is not considered "structural" in nature.

ALABAMA ♦ ARIZONA ♦ CALIFORNIA ♦ COLORADO ♦ CONNECTICUT ♦ DELAWARE ♦ FLORIDA ♦ GEORGIA ♦ ILLINOIS ♦ KENTUCKY
LOUISIANA ♦ MARYLAND ♦ MASSACHUSETTS ♦ MICHIGAN ♦ MISSOURI ♦ MONTANA ♦ NEBRASKA ♦ NEVADA ♦ NEW JERSEY
NEW YORK ♦ NORTH CAROLINA ♦ OHIO ♦ OKLAHOMA ♦ OREGON ♦ PENNSYLVANIA ♦ RHODE ISLAND ♦ SOUTH CAROLINA
SOUTH DAKOTA ♦ TENNESSEE ♦ TEXAS ♦ UTAH ♦ VIRGINIA ♦ WASHINGTON ♦ WASHINGTON, DC ♦ WEST VIRGINIA ♦ WISCONSIN

Hon. George B. Daniels, U.S.D.J.
U.S. District Court, S.D.N.Y.
February 6, 2019
Page 2 of 2

as there is an absence of a "clearly articulated federal interest." *Kolari v. N.Y-Presbyterian Hosp.*, 455 F.3d 118, 123 (2d Cir. 2006). New York state and city claims are, "best left to the courts of the State of New York." *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001) (affirming the dismissal of plaintiff's ADA claim and declining to address whether the plaintiff would qualify as disabled under the New York State Human Rights Law and New York City Human Rights Law as the state and city statutes provide for broader definitions of disability). Absent any of the factors outlined in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988): judicial economy, convenience and fairness, there is no need for this court to retain jurisdiction over Plaintiff's supplemental claims.

   Defendants' counsel has exercised all reasonable efforts to communicate with Plaintiff's counsel, Stuart Finkelstein, to avoid burdening the court with motion practice. However, despite immediately notifying Mr. Finkelstein that remediation of the subject property has been accomplished and attempting to meaningfully discuss resolution of this matter, Mr. Finkelstein has outright refused to be reasonable. Given the aforementioned reasons, Defendants' counsel was confident that the parties would be able to resolve this matter expeditiously and fairly without court intervention. However, that endeavor has proved impossible and thus necessitates the filing of a motion to dismiss for the reasons contained herein. While Your Honor's rules do not require a pre-motion conference, we respectfully request this final extension of time to respond to Plaintiff's faulty claims.

   We appreciate the Court's attention to these matters and are available at the Court's convenience should it have any questions.

              Respectfully submitted,

              *Benjamin A. Levine*

              Benjamin A. Levine

All Counsel of Record (*via* ECF)